FILED
United States District Court
Western District of Arkansas
September 06 2024
Office of the Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| IN RE ADMINISTRATIVE WARRANT OF:  )<br>)<br>TYSON FOODS                                    )<br>212 E. Elm Street                            )<br>Rogers, Arkansas 72756                )<br>)<br>TYSON FOODS                                    )<br>2200 W. Don Tyson Pkwy           )<br>Springdale, AR 72762                   ) | SEALED BY ORDER<br>OF THE COURT<br>Case No. 5:24-cm-00068 |

### APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE FAIR LABOR STANDARDS ACT OF 1938

I, Mauro Pinter, Wage and Hour Investigator for the Houston District Office for the Wage and Hour Division, United States Department of Labor, request an inspection warrant and state, under penalty of perjury, that I have reason to believe that minors are employed in violation of Sections 12 and 15(a)(4) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA" or the "Act"), at the following establishment:

Tyson Foods, Inc.
212 E. Elm Street
Rogers, Arkansas 72756

Tyson Foods, Inc.
2200 W. Don Tyson Pkwy
Springdale, AR 72762

Records relating to the employment of said minors are also believed to be kept at this establishment, which is located in the Western District of Arkansas.

The basis for the search, under Section 11(a) of the FLSA, is to investigate compliance with the minimum wage, overtime wage, recordkeeping requirements, and the child labor

provisions of the FLSA at Tyson Foods' processing facility, which is located at 212 E. Elm Street, Rogers, Arkansas 72756, ("Tyson Rogers") and 2200 W. Don Tyson Pkwy, Springdale, AR 72762, (the "Corporate Office"), and to gather data, including electronic data, regarding the employees who work for Tyson Foods or an affiliate or contractor of Tyson Foods at these establishments. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1337 and 1345. Venue properly lies in this Court. The Secretary of Labor's supporting Memorandum of Law is also incorporated herein by reference.

The inspection will be conducted by Wage and Hour Investigators who are designees of the Administrator, Wage and Hour Division, U.S. Department of Labor, and other authorized representatives. The inspection of Tyson Rogers will be begin between the hours of 12:00 a.m. and 4:00 a.m. and continue for 24 hours following entry so that all shifts may be inspected. The inspection of the Corporate Office shall begin during regular business hours and continue for the 24 hours following entry. The credentials of the Wage and Hour Investigators will be presented to Tyson Foods prior to the search of the establishments. The inspection will begin within 20 business days after obtaining the inspection warrant. The inspection will be completed with reasonable promptness.

The inspection will extend only to the establishments described above. The Wage and Hour Investigators and authorized representatives will investigate and gather data in paper or electronic form, including pay and time records, and records showing employee identification, and question employees as the investigators and authorized representatives may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA. A return will be made to the Court at the completion of the inspection.

The application is based on these facts: *See* attached Declaration of Mauro Pinter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of September 2024.

/s/ *Mauro Pinter*
*Applicant's Signature*

Mauro Pinter, Wage and Hour Investigator
Wage and Hour Division, United States
Department of Labor
*Printed Name and Title*

Subscribed and sworn to by telephone on September 6th, 2024: @ 2:07 pm

Christy Comstock
Magistrate Judge

Case 5:24-cm-00068-CDC   Document 1   Filed 09/06/24   Page 4 of 15 PageID #: 4

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 6, 2024
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

IN RE ADMINISTRATIVE WARRANT OF: )
)
TYSON FOODS )
212 E. Elm Street )
Rogers, Arkansas 72756 )
)
TYSON FOODS )
2200 W. Don Tyson Pkwy )
Springdale, Arkansas 72762 )

SEALED BY ORDER
OF THE COURT
Case No. 5:24cm68

## MEMORANDUM OF LAW IN SUPPORT OF THE ACTING SECRETARY OF LABOR'S APPLICATION FOR AN INSPECTION WARRANT

JULIE A. SU, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), submits this memorandum of law in support of her application for an administrative inspection warrant pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (hereinafter the "FLSA" or the "Act").

Section 11(a) of the FLSA grants broad authority upon the Secretary of Labor to search private property. The Act expressly authorizes the government to "enter and inspect" businesses, transcribe records, and question employees in order to conduct investigations:

> [t]he Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and *may enter and inspect such places and such records (and make transcriptions thereof), question such employees*, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter.

29 U.S.C. § 211(a) (emphasis added).

It is well established that regulatory agencies such as the Department of Labor ("DOL") are "authorized to apply for a warrant to execute a statutory grant of inspection authority." *U.S. v.*

*M/V Sanctuary*, 540 F.3d 295, 300 (4th Cir. 2008) (*citing Marshall v. Barlow's, Inc.*, 436 U.S. 307, 325 & n.23 (1978)); *see also, e.g., Donovan v. Enter. Foundry, Inc.*, 751 F.2d 30, 32 (1st Cir. 1984) (holding that issuance of administrative warrant to DOL was appropriate); *Miller Tube Corp. of Am.*, 1978 WL 17174, at *2 (E.D.N.Y. Oct. 11, 1978) (upholding validity of warrant issued to DOL). *Accord Chao v. Local 743, Int'l Broth. of Teamsters, AFL-CIO*, 467 F.3d 1014, 1018 (7th Cir. 2006) (recognizing the Secretary's broad investigatory authority under similar language in the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 521(a)).

In interpreting an analogous inspection provision under the Occupational Safety and Health Act of 1970, the Supreme Court affirmed the Secretary's authority to obtain administrative warrants. In *Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978), the Supreme Court ruled that where an employer objects to a government agency's inspection, the Fourth Amendment's warrant requirement allows for "assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria." 436 U.S. at 323. Administrative warrants only need to satisfy a much lower standard of probable cause than those in the criminal context. *U.S. v. Establishment Inspection of: Jeep Corp.*, 836 F.2d 1026, 1027 (6th Cir. 1988); *National-Standard Co. v. Adamkus*, 881 F.2d 352, 361 (7th Cir. 1989). As the Supreme Court explained:

> Probable cause in the criminal law sense is not required [for an administrative warrant]. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation, but also on a showing that 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment].'

*Marshall*, 436 U.S. at 320-21 (citations and footnotes omitted). Under this liberal evidentiary standard for administrative warrants, probable cause may be shown by offering "evidence sufficient to support a reasonable suspicion of a violation." *West Point-Pepperell, Inc. v. Donovan*,

689 F.2d 950, 958 (11th Cir. 1982); *Matter of Midwest Instruments Co.*, 900 F.2d 1150, 1153 (7th Cir. 1990). Accordingly, courts have held that administrative warrants are appropriate where there is "specific evidence of an existing violation" of the law. *National-Standard*, 881 F.2d at 361; *see also Martin v. Int'l Matex Tank Terminals-Bayonne*, 928 F.2d 614, 622 (3d Cir. 1991); *Eisenberg v. Wall*, 607 F. Supp. 2d 248, 254 (D. Mass. 2009) ("[A]dministrative warrants are justified where there is specific evidence of an existing violation of an administrative code or safety regulation.").

In this case, a warrant is justified because DOL has received credible information that supports a reasonable suspicion that Tyson Foods, Inc., located at 212 E. Elm Street, Rogers, Arkansas 72756, is committing violations of the FLSA. Specifically, the Acting Secretary has received information that Tyson Foods employs minors. *See* Declaration of Mauro Pinter. Suspected minors may be working outside the hours permitted by the FLSA. *See id.* Additionally, minors may be working in potentially hazardous occupations, and below the minimum age standards for such employment involving slaughtering, meat and poultry packing, processing, or rendering in violation of the child labor provisions of the FLSA. 29 U.S.C. § 201, *et seq*. Records relating to Tyson Foods' employment of minors are reasonably expected to be found at the establishment. *See id.*

The Secretary has authority to obtain *ex parte* warrants, without delay and without prior notice. *See Barlow's, Inc.*, 436 U.S. at 320; *National-Standard Co.*, 881 F.2d at 363 (noting "*ex parte* proceedings are the normal means by which warrants are obtained in both criminal and administrative actions"); *Bunker Hill Co. Lead & Zinc Smelter v. U.S. Environmental Protection Agency*, 658 F.2d 1280, 1285 (9th Cir. 1981); *Stoddard Lumber Co. Inc. v. Marshall*, 627 F.2d 984, 990 (9th Cir. 1980); *cf. Boliden Metech, Inc. v. United States*, 695 F. Supp. 77, 82 (D.R.I. 1988) (*ex parte* warrant valid under similar EPA statute). An *ex parte* warrant is necessary here to

achieve the element of surprise and prevent Tyson Foods from manipulating or disposing of records in anticipation of the inspection, and from shielding employees from investigators.

Since the proposed inspection is reasonable under the Constitution, is authorized by the FLSA, and sufficient evidence of existing violations has been presented, the Acting Secretary submits that the warrant applied for should issue.

Dated: September 5, 2024

Respectfully Submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

AMY HAIRSTON
Counsel for Wage and Hour

Address:
U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone (972) 850-3100
Facsimile (972) 850-3101
Email address:eakins.lacee.c@dol.gov;
docket.dallas@dol.gov

By:

*/s/ Lacee Caitlyn Eakins*
LACEE CAITLYN EAKINS
Trial Attorney
Texas Bar No. 24121611

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Sep 6, 2024

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| IN RE ADMINISTRATIVE WARRANT OF:<br><br>TYSON FOODS<br>212 E. Elm Street<br>Rogers, Arkansas 72756<br><br>TYSON FOODS<br>2200 W. Don Tyson Pkwy<br>Springdale, AR 72762 | SEALED BY ORDER<br>OF THE COURT<br>Case No. 5:24cm68 |

## DECLARATION OF MAURO PINTER

I, Mauro Pinter, state the following:

1. I am employed by the Wage and Hour Division, ("WHD" or "Wage and Hour"), U.S. Department of Labor ("DOL"). I work as a wage and hour investigator out of the Houston, Texas District Office. I have been a wage and hour investigator since September 2019. I started with WHD in October 2016 as a wage and hour technician.

2. As part of my training, I attended Wage and Hour's Basic I investigator training, which included training on the fundamentals of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") and its child labor provisions. As an investigator, I conduct investigations of employers under the various laws that WHD is charged with enforcing, including the FLSA. While conducting enforcement case work, I have routinely developed evidence to substantiate or discredit allegations of minors working in hazardous occupations, working outside allowed hours, or working in excess of the maximum daily or weekly hours standard.

3. I have been involved in over 60 cases as a lead investigator, including at least five that focused on child labor compliance issues. Most of my cases require me to look for child labor violations. These include cases in which minors are injured working in hazardous occupations, working outside allowed hours, or working in excess of the maximum daily or weekly hours standard. Also, I have advised new investigators on the child labor standards.

4. The information contained in this declaration is based on my training, experience, personal knowledge, and observations during the course of the investigation of Tyson Foods, as well as information provided by a confidential source. Because this declaration is submitted for the limited purpose of obtaining an inspection warrant, I have not included every fact of which I am aware.

## *Background*

5. Wage and Hour is responsible for investigating employers to determine compliance with the FLSA. Wage and Hour is permitted to investigate the employment of minors pursuant to Section 211(a) of the FLSA. 29 U.S.C. §§ 211(a), 212(b).

6. Based on my knowledge and experience, I am aware that some employers utilize child labor in violation of the FLSA by requiring minors to work excessive hours and employing minors in hazardous occupations that could result in injury or death.

7. The FLSA regulations at 29 C.F.R. Part 570 set forth specific limitations on the employment of minors. This includes hours standards for 14 and 15 year-old workers, 29 C.F.R. § 570.35, and prohibitions on the employment of 14 and 15 year-old workers in processing facilities, 29 C.F.R. § 570.33. The regulations also contain prohibitions on the employment of minors in certain hazardous occupations, 29 C.F.R. Subpart E, and a general prohibition from employing individuals under the age of 14, 29 C.F.R. § 570.2.

8. Based on my knowledge and experience, I am also aware of employers who move, hide, or coach employees in an attempt to interfere when WHD investigates potential child labor violations.

9. Wage and Hour has seen a significant increase in violations of the child labor laws since 2018.

### *The DOL Has Probable Cause to Believe Tyson Foods, Inc. is Violating the FLSA*

10. Tyson Foods, Inc. is a poultry processing and distribution company that operates animal processing plants under multiple subsidiary companies including Tyson Fresh Meats, Inc. The corporate office for these legal entities is located at 2200 W. Don Tyson Pkwy, Springdale, Arkansas 72762. The numerous plants across the country that are operated under this corporate office process beef, poultry, and pork. The facility at issue here is located at 212 E. Elm Street, Rogers, Arkansas 72756 and is a poultry processing facility.

11. Officials working out of WHD's Southwest Regional Office began review of the Tyson Foods facility in Rogers, Arkansas, in June 2024, and the matter was assigned to me and other investigators on July 15, 2024, for possible investigation. I am one of seven Wage and Hour investigators currently assigned to the case.

12. As part of the preliminary case work, I have reviewed an anonymous complaint received by a WHD technician. This confidential source is a teacher at a local school. The source reported that one of her 14-year-old students told her that he would be working at the Tyson facility in Rogers with his mother during the summer.

13. On July 16, 2024, in an attempt to corroborate information received from the confidential source, I, along with additional WHD personnel, traveled to the facility and observed employees entering and exiting the establishment periodically throughout the day and

night. During this time, investigators observed and documented employees entering and exiting what appeared to be the main employee entrance. Among those we observed entering and exiting the facility were multiple individuals whose appearance and body language indicated were potentially minor employees below the age of 16. Investigators took photographs and video recordings of employees entering and exiting the facility, including those who were identified as potential minors under the age of 16. Photographs of suspected minor employees are attached to this declaration as collective Exhibit A.

14. The FLSA prohibits 14 and 15 year-olds from working in processing facilities. 29 C.F.R. § 570.33. Additionally, minors that are 14 and 15 years old are prohibited from working past 9:00 p.m., 29 C.F.R. § 570.35. Based on the complaint received and my observations, I believe Tyson Foods is potentially employing minors as young as 14 or 15 years old at the Rogers facility in violation of the child labor provisions of the FLSA.

15. Tyson Foods, Inc., and subsidiary Tyson Fresh Meats, Inc., including the facility or offices in Rogers, Arkansas, and the corporate office in Springdale, Arkansas, are believed to have records relating to the employment of minors. These records are relevant to Wage and Hour's FLSA compliance investigation of Tyson Foods, including information about the identification and age of workers, the hours they work, the locations of work, the type of work the minors are engaged in, and their rates of pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this **5** day of September, 2024.

_____
Mauro Pinter
Senior Wage and Hour Investigator
U.S. Department of Labor
Wage and Hour Division

Subscribed and sworn to by telephone on September ___, 2024, and I find probable cause.

_____
Magistrate Judge

# Exhibit A





